AO 106 (Rev. 04/10) Application for a Search Warrant (modified)

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

**FILED**

Jan 13, 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Search of ⟩ | |
| ⟩ | |
| The White 1996 Dodge Van Bearing Texas License Plate ⟩ | Case No.   2:25-sw-0017 CKD |
| RMB1183 Currently Located At Maruader Street in Proximity ⟩ | |
| to Chico Westside Little League Softball Field in Chico, ⟩ | |
| California ⟩ | |
| ⟩ | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the _____Eastern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized):*

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☒ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2261A | Stalking |
| 18 U.S.C. § 875 | Interstate Communication of Threats |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

☒ Continued on the attached sheet.

☐ Delayed notice _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____/s/_____
*Applicant's signature*

Michael Larrazolo, Special Agent, FBI
*Printed name and title*

Sworn to me and signed telephonically.

Date: ____January 13, 2025 at 9:55 am____

_____
*Judge's signature*

City and state:    Sacramento, California

Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Michael Larrazolo, being first duly sworn, hereby depose and state a follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant authorizing the search for and seizure of evidence more particularly described in Attachment B, in the White 1996 Dodge Van bearing Texas license plate RMB1183 that is currently located at Marauder Street parked along the street curb in proximity to Chico Westside Little League Softball Field (the "Vehicle"), a description of which is contained in Attachment A.

2.      I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been since May 2004.  I received initial training and instruction to become a Special Agent at the FBI Academy located in Quantico, Virginia, which included training concerning violations of the United States criminal statutes.  I am currently assigned to the Dallas Division of the FBI.  I am presently and have been previously assigned to investigate a variety of criminal matters, to include violent criminal acts, weapons of mass destruction, counter terrorism investigations, and drug investigations.  Further, I have experience and training in a variety of investigative and legal matters, including the topics of lawful arrests, the drafting of search warrant affidavits, and probable cause. While serving within my capacity at the FBI, I have authored search warrants during investigations concerning various federal criminal violations.  I am currently assigned to a Violent Crime and Transnational Organized Crime task force focusing on the Eastern Hemisphere, wherein my duties and responsibilities include investigating criminal violations relating to violent threats, multiple types of fraud, money laundering and illegal drug trafficking. Based on my training and experience investigating, assessing and managing individuals who

have communicated threats and engaged in behaviors associated with targeted violence, I have authored arrest warrant affidavits and complaints.  In my current assignment, I have participated in and conducted investigations of several types of violations of federal law, including threatening communications both locally and interstate.

3.     This affidavit is intended to show only that there is sufficient probable cause for the requested search warrant and does not set forth all of my knowledge about this matter.

**PROBABLE CAUSE**

4.     The following outlines and provides my basis for believing that evidence is located within the Vehicle.  As will be described and outlined below, Andrew Christopher SHANKS has been stalking a public official (who is known to your affiant) who holds office in a county that is located in the Northern District of Texas, using a facility of interstate since at least January 3, 2024.  Through that investigation, on January 8, 2025, a Criminal Complaint was filed against SHANKS in the Northern District of Texas charging 18 U.S.C. § 2261A(2) - Stalking. (3:25-MJ-007-BK).  On the evening of January 8, 2025, SHANKS was arrested by the FBI in Chico, California.  At the time of SHANKS' arrest he was found inside the Vehicle on a street in Chico, California.  Based upon information obtained during the investigation, your affiant has reason to believe that SHANKS had been residing and using the Vehicle for some time and traveled from the Northern District of Texas to California in the Vehicle.  Your affiant has probable cause to believe that evidence described in Attachment B, which includes but is not limited to evidence of violations of 18 U.S.C. § 2261A – "Stalking" and 18 U.S.C. § 875 – "Interstate Communication of Threats," is in the Vehicle described in Attachment A.

5.     More specifically, beginning at least on or about January 3, 2024, the public official, who will hereinafter be referred to as Official 1, began receiving threatening emails and

telephone calls from Andrew Christopher SHANKS.  Official 1's office prosecuted SHANKS in the past for various crimes including: Aggravated Assault with a Deadly Weapon (2nd Degree Felony); Assault Causes Bodily Injury Family Member; Possession of Marijuana; Terroristic Threat To Public Servant (3rd Degree Felony); Obstruction or Retaliation (3rd Degree Felony); Stalking (3rd Degree Felony); Harassment; and Criminal Mischief, and SHANKS now appears to be stalking Official 1.

6.     That is, on or about January 3, 2024, Official 1 began receiving several email messages, on Official 1's public email account, from an individual named "Drew Shanks" with Gmail account name "dshanks17," who has since been identified as Andrew SHANKS.  Official 1 was familiar with SHANKS as a previously prosecuted and convicted subject of Official 1's office.

7.     The January 2024 emails were not the first time SHANKS used a facility of interstate commerce to threaten Official 1.  That is, Official 1 has provided your affiant with copies of emails dating back to in or about October 2021 as well.  Approximately nineteen emails dating back to on or about October 29, 2021, where SHANKS communicated threats to Official 1, his/her family, and his/her spouse.  Further SHANKS alluded to SHANK's online surveillance of a minor child associated with Official 1.

8.     Official 1's office personnel confirmed the sporadic harassment directed at Official 1 through the past few years, but acknowledged to your affiant that the threat language has increased with the references made about Official 1's family members causing a heightened sense of concern.  That is, after receiving sporadic bouts of harassing threatening emails for over three years, SHANKS increased the level of threats he articulated in his communications to include family members and law enforcement.  Specifically, SHANKS wrote on or about

3

October 11, 2024:  "Please, i have a sober bloodlust that has persisted for a decade due to the unimaniable levelsof fucked your justie system allowed me to endure (sic). If i had my way your head, te sherrifs, your husband (sic).  All of them will be on pikes, but ill happily settle for less, you just have to admit you made a mistake."

       9.      Through legal process and as a part of this investigation, it was confirmed that SHANKS was the subscriber of the subject email address, "dshanks17@gmail.com" that sent the threatening emails in January 2024.  Results from a federal grand jury subpoena served to Google also provided Internet Protocol ("IP") addresses that were used when the subject threatening emails were sent.  It was further determined that the originating IP addresses for the subject emails originated from an electronic device that utilized the T-Mobile telecommunications cell tower network.  Further investigation also revealed that a T-Mobile cellular device accessing the network to send the subject emails originated from a device utilizing a T-Mobile subscribed cellular account bearing phone number, (972) 503-2746.  Further review of the subpoena results provided by Google indicated the subscriber, SHANKS, also subscribed to Google Voice services.  Google Voice feature was provided for the "dshanks17@gmail.com" account, with a subscriber name provided as "Drew Shanks," account identification number 803464821144, which was assigned Google Voice number (214) 810-3075.  The Google Voice number provides a using subscriber the ability to use the assigned number to place Voice Over Internet Protocol ("VOIP") telephone calls and send short-message-service ("SMS") text messages directly from an electronic device that utilizes Google services and features from their Google account via the internet as an alternate to a cellular network.  A federal grand jury subpoena was also served to T-Mobile to provide subscriber information for the above referenced T-Mobile device that utilized the IP addresses which sent the subject

4

threatening emails.  Subscriber information for the subject device using the IP addresses and device phone number was provided by T-Mobile on or about December 10, 2024, as belonging to Andrew SHANKS.

10.     During the investigation, a Pen Register / Trap & Trace Order was issued for the subject email address utilized by SHANKS.  Results of the pen register that were obtained on or about December 16, 2024, confirmed email activity conducted by SHANKS was accessing the T-Mobile network utilizing a cellular device.  T-Mobile identified the device as a device using the number (972) 503-2746.  Pen register results further indicated SHANKS sent approximately twenty nine emails to the email account belonging to Official 1 between January 4 to January 5, 2025, during an approximate twenty five hour period.  Content of two emails received by Official 1 were provided to the FBI.

11.     On January 7, 2025, your affiant received notice from staff at Official 1's office that SHANKS was placing phone calls to the office of Official 1.  The staff informed your affiant that SHANKS called the government office of Official 1 over fifty times that same day.  The number of calls was estimated at over one hundred by the end of the day.  SHANKS spoke with the staff answering his calls and demanded that Official 1 return his calls or he would start shooting people.  The office staff provided that two numbers that were being used by SHANKS displayed on the office caller ID screens.  The numbers provided were the known subject Google Voice number (214) 810-3075 referenced above, and the known subject T-Mobile cellular device number (972) 503-2746 referenced above, which also listed the name, "Andrew SHANKS," on the caller ID screen.  SHANKS attempted to block caller ID in some instances, but failed to do so on several calls.  In one instance, SHANKS was routed to the voicemail of Official 1.  In the voicemail provided to the FBI, SHANKS stated his name as the caller, referenced his previous

convictions and threatening communications to harm Official 1, and articulated that he will start killing people to bring attention to his wrongful prosecutions.  By the end of his voicemail, SHANKS stated he is "desperate enough to fucking kill people."  SHANKS also made statements during his phone calls with the office staff referencing his intent to become the next "Luigi," presumably alluding to the recent murder subject, Luigi Mangione, charged with the murder of United Health CEO Brian Thompson.  SHANKS had also referenced Mangione in emailed threats sent on January 4, 2025 to Official 1, when he stated, "just because you werent brian thompsoned doesnt mean cant be."  (sic).  Additionally, SHANKS also contacted the same county's sheriff's office, during this same period, with multiple phone calls articulating violent threats to include threatening the Sheriff's Office Dispatcher he spoke with stating he wanted to slit her throat.

12.     As the FBI was immediately notified of the shooting threat articulated by SHANKS, an Emergency Disclosure Request ("EDR") was submitted to T-Mobile for ping location information and call detail records ("CDR"), Timing Advance Records, with cell tower results if available, for the known subject number provided, specifically (972) 503-2746.  The request was submitted and granted.  Ping location results indicated SHANKS was located in Chico, California in a neighborhood area in proximity to the Chico Regional Airport.  Due to the threat to conduct a public shooting, local law enforcement was notified about SHANKS threat activity by the FBI Sacramento Field Office.  Ping location results remained consistent from when ping reports started on January 7, 2025 at approximately 1:48 PM PST, until SHANKS was arrested on January 8, 2025, when pings stopped due to the subject device being placed in "airplane mode" by seizing agents (which will be described below).  The last ping location was sent at approximately 7:14 PM PST, reporting SHANKS remained in the Chico, California area.

13.     Further, T-Mobile provided the referenced CDR and Timing Advance information as part of the EDR submission.  The Timing Advance records related to cell tower information data provided by T-Mobile indicated the device using the subject target number (972) 503-2746 was identified as a Samsung Galaxy S10 SE model cell phone.  The subject cell phone was further identified using International Mobile Subscriber Identity (IMSI) 31060664926822 (IMSI information is a unique number that identifies a mobile phone user on a cellular network), and International Mobile Equipment Identity (IMEI) number 35233810-062069-7 (IMEI information is a unique 15-digit number that identifies a mobile phone).  Such information is specific to a cellular device being used.  CDR results detailing calls made by the referenced subject number placed approximately 131 phone calls to Official 1's office number (which is known to your affiant), reported to be the calls SHANKS made on his device.

14.     On the evening of January 8, 2025, an FBI arrest team located and directed SHANKS to get out of the Vehicle, a white 1996 Dodge Van bearing Texas license plate RMB1183, while that it was parked on  Marauder Street in proximity to Chico Westside Little League Softball Field in Chico, California.  The FBI was arresting SHANKS pursuant to the arrest warrant issued as a result of the Criminal Complaint issued out of the Northern District of Texas charging SHANKS with Stalking.  (3:25-MJ-007-BK).  That is, on the evening of January 8, 2025, an FBI arrest team located and directed SHANKS to get out of his vehicle, a white 1996 Dodge Van bearing Texas license plate RMB1183, described in Attachment A.  While SHANKS was being placed under arrest, Special Agent Matthew Weissenborn asked SHANKS the following:  if anyone else was in the van and SHANKS replied, "no"; if there were any weapons in the van, and SHANKS replied, "no" and, asked where his phone was at, to which SHANKS replied, "it's in the van."  Following SHANKS arrest, agents confirmed no one appeared to be in

the van.  SHANKS told agents the van could be accessed by the double doors on the passenger side and that those doors were unlocked.  Once clearing actions inside the van were being conducted, Special Agent Weissenborn asked if a phone was seen which the clearing agent confirmed at which point Special Agent Weissenborn asked the clearing agent to grab the phone which was handed to Special Agent Weissenborn.  Special Agent Weissenborn also asked if any weapons were visible which the clearing agent confirmed no weapons were seen, but a glass pipe with residue was seen in plain view and based on the clearing agent's training and experience, the glass pipe appeared to be used for the ingestion of drugs.  The phone was seized incident to the arrest of SHANKS during the execution of the arrest warrant, rather than being left in the van which was left on the street in Chico, California, following SHANKS' arrest.

15.    The above referenced cellular phone is currently being stored at FBI, Sacramento Division, 2001 Freedom Way, Roseville, California in airplane mode connected to a charger. The device was taken out of airplane mode at the Sacramento County jail in order to provide SHANKS with numbers from the phone which he requested, but the phone is currently in airplane mode, and will remain in such mode unless allowing the phone a cellular connection becomes operationally necessary to fully access the contents of the phone, or cloud based data to which the phone has access (such as contact lists and associated information).  Your affiant has submitted an application for search warrant seeking authorization to search said cellular telephone.

16.    Subsequent to his arrest, SHANKS was read his *Miranda* rights and agreed to speak with Special Agent Weissenborn and SA Marshal Tomasini.  During the interview, SHANKS expressed that he was not afraid to die, made reference to "Luigi," indicated suicide is just compassionate release and questioned if he was going to kill himself, why he would not take

other people with him.  At some point SHANKS disclosed that his Reddit handle was "inquisitive imp" and based on an exchange with Special Agent Tomasini, he stated that he made a post on the referenced Reddit account approximately three years ago that explains how he came to his mental state.

17.     During the course of the investigation, your affiant has learned that SHANKS was the known user of the Vehicle since at least in or about July 2022.  That is, during the course of investigation your affiant learned that in or about January 2024, the Rockwall, Texas Police Department issued a "Be On the Look Out" ("BOLO") alert regarding SHANKS.  According to the BOLO, SHANKS was last encountered by the Dallas Police Department in or about July 2022, driving the Vehicle.  Once the Vehicle was identified as a part of the federal investigation, the FBI obtained license plate reader information for the Vehicle.  Said license plate reader information indicated that the Vehicle was in the Cypress Wood, Texas which is an area of Houston, Texas on or about January 21, 2024.  The next time the Vehicle was noted was while agents from the FBI Sacramento Field Office were following location pings from the active EDR supported by T-Mobile for SHANKS' mobile device.  Once the agents were in the area for pings around the Chico, California area, they identified SHANKS from a photo provided by your affiant.  Agents witnessed SHANKS entering the Vehicle.  An FBI arrest team was assembled and SHANKS was taken into custody while operating the Vehicle.  It was apparent to agents while clearing the Vehicle for agent safety, following SHANKS arrest, and through SHANKS statements regarding his Vehicle being reported to police for parking in other areas around town that SHANKS lived in his vehicle.  Based upon the aforementioned, your affiant has reason to believe that SHANKS was living in the Vehicle.

9

18.     Based upon my training, experience, and conversations with others in law enforcement, I know that individuals who stalk other persons commonly have items and evidence in their residences concerning their crimes, which includes, things that explain motive, intent, plans for future attacks etc.  Such items would include notebooks, photos, handwritten notes, logs, journals, calendars, maps, letters, drawings and other related documents to include receipts indicating locations traveled and purchase of weapons or electronics used or intended for use in the planning and execution of the offense(s).  Such evidence would speak to motivation, timeline, and possible state of mind of the subject.  Therefore, your affiant has probable cause to believe that evidence of violations of federal law identified in Attachment B will be found in the Vehicle.  Further, evidence contained in the van may show SHANKS location prior to his arrest.

19.     I seek this search warrant from the Court to authorize a search of the Vehicle identified in Attachment A for the evidence described in Attachment B.

## **CONCLUSION**

20.     I submit that this affidavit supports probable cause for a warrant authorizing the search and seizure of evidence from the Vehicle, as described in Attachment A, to seize the evidence described in Attachment B.

21.     As shown in Attachment B, your affiant requests that this search warrant authorize the search of the Vehicle and the seizure of evidence.  Your affiant further requests that with this search warrant, this Court authorize the forensic examination of any cellular devices, electronic devices, or GPS devices seized from the Vehicle.  Your affiant further requests that this Court authorize that following seizure by FBI Sacramento Division, that the FBI be permitted to transfer custody of any such seized evidence and devices to FBI Dallas Division which is located in the Northern District of Texas so the forensic examination may be conducted

10

by members of the FBI located in the Division where the criminal prosecution is being

conducted, and so any evidence seized may be used in the government's case in the Northern

District of Texas.

Respectfully submitted,

_____/s/_____

Michael Larrazolo
Special Agent, FBI

Agent sworn and signature confirmed via reliable electronic means, pursuant to Fed. R.

Crim. P. 41(d)(3).

Dated this  13th   day of January 2025.

_____

HON. CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF CALIFORNIA

Approved as to form by:

/s/ *Emily G. Sauvageau*
AUSA Emily G. Sauvageau

11

## ATTACHMENT A

The property to be searched is the White 1996 Dodge Van Bearing Texas License Plate

RMB1183 parked along the street curb on Marauder Street in proximity to Chico Westside Little

League Softball Field in Chico, California (the "Vehicle") shown below.





This warrant authorizes the search and seizure of the Vehicle for the purpose of locating

and seizing information described in Attachment B.

## ATTACHMENT B

1.      All records in the Vehicle described in Attachment A that relate to violations of

18 U.S.C. § 2261A and 18 U.S.C. § 875 and involve Andrew Christopher SHANKS since

October 1 2021, including:

      a.   threatening communications;

      b.   any information recording or documenting SHANKS' schedule or travel from

          October 1, 2021 to the present; and

      c.   any information concerning SHANKS' state of mind, motive, or intent.

2.      All cellular devices, electronic devices, and GPS devices located in the Vehicle,

which this warrant further authorizes the forensic examination of any such devices.  That is, FBI

Sacramento Division is permitted to transfer any seized evidence and devices to the Dallas

Division of the FBI which is located in the Northern District of Texas so forensic examination

may be conducted in the district of prosecution of SHANKS.

3.      Evidence of user attribution showing who used or owned the Vehicle and the

items included therein.

As used above, the terms "records" and "information" include all of the foregoing items

of evidence in whatever form and by whatever means they may have been created or stored,

including any form of computer or electronic storage (such as flash memory or other media that

can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored

information seized or copied pursuant to this warrant in order to locate evidence, fruits, and

instrumentalities described in this warrant. The review of this electronic data may be conducted

by any government personnel assisting in the investigation, who may include, in addition to law

enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of | ) |
| | ) |
| The White 1996 Dodge Van Bearing Texas License Plate RMB1183 Currently Located At Maruader Street in Proximity to Chico Westside Little League Softball Field in Chico, California | ) ) ) ) ) |

Case No.    2:25-sw-0017 CKD

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ California _____
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before _____ **January 27, 2025** _____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

☐  Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐   for _____ days *(not to exceed 30)*  ☐  until, the facts justifying, the later specific date of _____ .

Date and time issued:     January 13, 2025 at 9:55 am

*Judge's signature*

City and state:     Sacramento, California

Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

| Certification |
|---|

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____          _____
Signature of Judge                                    Date

## ATTACHMENT A

The property to be searched is the White 1996 Dodge Van Bearing Texas License Plate RMB1183 parked along the street curb on Marauder Street in proximity to Chico Westside Little League Softball Field in Chico, California (the "Vehicle") shown below.





This warrant authorizes the search and seizure of the Vehicle for the purpose of locating and seizing information described in Attachment B.

**ATTACHMENT B**

1.     All records in the Vehicle described in Attachment A that relate to violations of 18 U.S.C. § 2261A and 18 U.S.C. § 875 and involve Andrew Christopher SHANKS since October 1 2021, including:

      a.  threatening communications;

      b.  any information recording or documenting SHANKS' schedule or travel from October 1, 2021 to the present; and

      c.  any information concerning SHANKS' state of mind, motive, or intent.

2.     All cellular devices, electronic devices, and GPS devices located in the Vehicle, which this warrant further authorizes the forensic examination of any such devices.  That is, FBI Sacramento Division is permitted to transfer any seized evidence and devices to the Dallas Division of the FBI which is located in the Northern District of Texas so forensic examination may be conducted in the district of prosecution of SHANKS.

3.     Evidence of user attribution showing who used or owned the Vehicle and the items included therein.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law

enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.